UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**15 CV 1380**

-----------------------------------------------------------X

ELAINE WILLIAMS

                        Plaintiff,

        -against-                               Index No:
                                                       **COMPLAINT**

THE CITY OF NEW YORK,
AND POLICE OFFICER JOHN AND/OR
JANE DOE NUMBERS 1-10 of the 115th
PRECINCT

**JUDGE GARDEPHE**

                        Defendants.

-----------------------------------------------------------X

NOW COMES the Plaintiff, **ELAINE WILLIAMS**, by and through her attorney, **RONALD P. HART, ESQ.** as and for her complaint against the Defendants, and respectfully shows to this Court and allege as follows:

PARTIES:

1)    That the Plaintiff, **ELAINE WILLIAMS** (Hereinafter "Plaintiff") is presently a resident of the city of New York, in the State of New York.

2)    At the time of the incident, the Plaintiff was a resident of the City and State of New York and County of Queens.

3)    Upon information and belief, that at all times, hereinafter mentioned, the Defendant, **THE CITY OF NEW YORK**, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

4)    Upon information and belief, that at all times, hereinafter mentioned, the Defendant, **THE CITY OF NEW YORK**, its agents, servants and employees operated,

maintained and controlled the Police Department of The City of New York, and all the police officers thereof, including Defendant Police Officers **JOHN/JANE DOES 1-10.**

5) Upon information and belief, at all times hereinafter mentioned, and on or prior to February 6th, 2013, Defendants, Police Officers **JOHN/JANE DOES 1-10**, were employed by Defendant, **THE CITY OF NEW YORK,** as police officers.

6) This action arises both under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the united states, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, Section 1983,1981, 1988, 1985(3) et seq. and state law for malicious prosecution under 42 USC Section 1983

7) Each and all of the acts of the Defendants alleged herein were done by the Defendants, their agents, servants and employees, and each of them, as individuals and in their official capacities as police officers under the color and pretense State law, the statuses, ordinances, regulations, customs and usages of the State of New York, the **CITY OF NEW YORK** and the County of new York, and under the authority of their office as police officers of said state, City and County.

8) The amount in controversy is $75,000.00 exclusive interest.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF ELAINE WILLIAMS FOR CIVIL RIGHT ACTION 42 USC §1983:

9) The Plaintiff, ELAINE WILLIAMS, hereby incorporates by reference each and every preceding paragraph 1 through 119 of this Complaint as though fully plead and re-alleged in their entirety below.

## Venue and Jurisdiction

10) The jurisdiction is founded upon the existence of a Federal Question and the amount in controversy exceeds $75,000.00.

11) That this is an action to redress the deprivation under color of state and/or federal statue, ordinance, regulation, custom or usage of right, privilege, and immunity secured to Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983, 1981, 1985 (3) and arising under the Federal Constitution, statues and laws as well as the laws and statuses of the State and Constitution of New York.

12) That Jurisdiction is founded upon U.S.C § 1331 and § 1343 (3) and (4), this being an action authorized by law to redress the deprivation under the color of statue, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to the Plaintiff by the First, Fourth, and Fourteenth amendments to the Constitution of the United States (42 USC § 1983, 1981, 1985 (3), 1988) and arising under the federal constitutional laws and statues as well as the laws, statues, and constitution of the State of New York.

13) The amount in controversy exceeds, exclusive of interest and costs are $75,000, the jurisdictional limits of this and any other court having jurisdiction.

14) The Plaintiff did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned and deprived of his Constitutional rights as set forth in the Constitution of the United States, particularly 42 USC § §1981, 1983, 1985(3), & 1988 and the Constitution of the State of New York.

15) Plaintiff repeats and reiterates paragraphs numbered 1-14 as if fully pled herein and Plaintiff further alleges.

16) That on or about September 28, 2012, Plaintiff, **ELAINE WILLIAMS** (Hereinafter "Plaintiff"), was at her place of residence located at 24-20 98th Street, East Elmhurst, NY 11369.

17) Plaintiff had been cleaning her house and was just about to sit down for a break and to make a sandwich.

18) Upon information and belief, the house belongs to Plaintiff's mother.

19) As she went to do so, Plaintiff heard a lot of banging on the door. She put everything down and went to the window. She saw a lot of police, approximately three or four police cars, in front of her house.

20) Plaintiff opened her window and asked the officers what they wanted. The officers asked the Plaintiff to come downstairs to speak to them.

21) Plaintiff immediately called 911, and asked to speak to a supervisor.

22) The Supervisor advised the Plaintiff to get dressed and go downstairs and speak with the officers. The Supervisor told Plaintiff that the officers weren't going to arrest her.

23) While still on the phone with the Supervisor, Plaintiff observed a lot of the officers driving off away from her home. She also saw a police supervisor and an officer talking to her brother.

24) Plaintiff overheard an officer telling her brother that there was nothing that they could do as he did not see who damaged his lock; therefore, they couldn't arrest Plaintiff because he did not see her damage the lock to his room.

4

25) Plaintiff then heard her brother completely alter his story while in front of the police officer.

26) Plaintiff heard her brother change his story of instead of saying that he thought the Plaintiff had damaged his door by placing glue in the door's keyhole even though he did not see do the same, he now said that he actually saw the Plaintiff place glue in the keyhole of his door.

27) Plaintiff remained on the phone with the 911 Supervisor. The Supervisor told Plaintiff that she would remain on the phone with Plaintiff until she walked out of the door and went outside to speak with the police.

28) As soon as Plaintiff opened the door, the police grabbed her hand and said that she was under arrest.

29) Police removed the phone from Plaintiff's hand and threw the phone onto her steps.

30) Plaintiff requested that the phone be placed inside of her house. Instead, an officer threw Plaintiff's phone into the mailbox.

31) Plaintiff was then handcuffed, escorted to a vehicle, and taken to the 115th Precinct.

32) Plaintiff spent approximately 36 hours in jail.

33) Plaintiff went to back and forth to court, approximately three times, before her case was dismissed on January 11th, 2013.

34) Defendant Police officer and their employer, the City of New York by engaging in the conduct described above, falsely arrested/imprisoned and maliciously prosecuted Plaintiff.

35) Defendant, Police Officers **JOHN/JANE DOES 1-10** acting under color of State Law wrongfully deprived Plaintiff of her civil rights pursuant to 42 U.S.C.A. § 1983.

36)

37) <u>That any trained police officer knew or should have known that they did not have "probable cause" to arrest Plaintiff when the complaining witness initially told them that they did not know who placed glue in the door; then in response to the police telling them that because he did not see or witness the allege crime, no arrest would be made, that same party then alters and changes his story to assert that he was an eyewitness to the event.</u>

38) There was therefore no probable cause for Plaintiff's arrest and the police officer's conduct herein was tortious and wrongful.

39) Furthermore, as police officers employed by Defendant, **CITY OF NEW YORK**, said Defendant Police Officers were acting under the color of State law.

40) That the aforementioned misuse of authority and power by Defendants Police Officers **JOHN/JANE DOES 1-10** was egregious and shocking to the conscience. As a direct result, Plaintiff was caused to undergo the humiliation and indignities resulting from his unlawful confinement against will; and was caused and will continue to undergo and endure severe mental anguish, humiliation and economic hardship as a consequence thereof.

41) Such deprivation were in violation of the rights secured to Plaintiff by the First, Fourth, Fourteenth Amendments of the United States constitution and by Title 42 U.S.C.A. § 1983 and the laws, ordinances and statues of the State of New York to wit:

   a. The Defendants, their agents, servants and employees, wrongfully and falsely arrested, imprisoned and detained the Plaintiff without any right, privilege or grounds.

   b. Defendant acted pursuant to an official policy even though unwritten that they understood authorized them to pursue to conduct warrantless searches of premises

without a warrant, without probable cause, and without justification because such conduct was condoned by the NYPD.

c. The arrest and imprisonment was not justified by probable cause or other legal privilege; Defendants, their agents, servants and employees, acting under the color of law and under authority of their Office as Police Officers for the city falsely arrested the Plaintiff knowing that the Plaintiff had not violated any part of the New York State Penal Law.

d. That the Defendant, their agents, servants and employees failed to adequately and properly hire, retain, supervise, discipline or in any other way control the behavior and performance of the Defendants, their agents, servants and employees

e. That Defendants, their agents, servants and employees is in their failure to enforce the laws of the state of New York did act with reckless disregard to Plaintiff's rights in that they did not exercise that degree of due care which prudent and reasonable individuals would show in executing the duties of the Defendants.

f. That Defendant, their agents, servants and employees in their failure to hire, train, supervise and discipline or in any other way control the Defendants in the exercise of their functions to enforce the law of the state and **CITY OF NEW YORK,** did act willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the state of New York including Plaintiff.

g. That the acts of the Defendants, their agents, servants and employees relative in failing to properly discipline, hire and train their employees, agents and servants is a presents a clear and present danger to the citizens of the City and State of

New York as a result of the aforesaid Defendants' deprivation of Plaintiff's civil rights, Plaintiff has been damaged in the sum exceeds the jurisdictional limits of all lower courts.

42) The Defendants, their agents, servants and employees, wrongfully and falsely arrested, imprisoned and detained the Plaintiff without any right, privilege or grounds.

43) The arrest and imprisonment was not justified by probable cause or other legal privilege or grounds. Defendants their agents, servants and employees, acting under the color of law and under authority of their office as Police Officers for the city falsely arrested the Plaintiff knowing that the Plaintiff had not violated any part of the New York State Penal Law.

44) That by their wanton conduct, Defendants showed a blatant disregard for Plaintiff's Constitutional rights.

45) That the Plaintiff demands attorney fees should he prevail in his 42 USC Section 1983 claims against the individually named police officers and **CITY OF NEW YORK**.

## AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ELAINE WILLIAMS CIVIL RIGHTS ACTION 42 USC §§ 1985(3):

46) The Plaintiff, **ELAINE WILLIAMS**, hereby incorporates by reference each and every preceding paragraph 1-45 of this Summons and Complaint as though fully plead and re-alleged in their entirety below.

47) That on or about September 28, 2012, Plaintiff, **ELAINE WILLIAMS** (Hereinafter "Plaintiff"), was at her place of residence located at 24-20 98th Street, East Elmhurst, NY 11369.

48) Plaintiff had been cleaning her house and was just about to sit down to make a sandwich. As she went to do so, Plaintiff heard a lot of banging on the door. She put everything down and

went to the window. She saw a lot of police, approximately three or four police cars, in front of her house.

49) Plaintiff opened her window and asked the officers what they wanted. The officers asked the Plaintiff to come downstairs and speak with them.

50) Plaintiff immediately called 911, and asked to speak to a supervisor.

51) The Supervisor advised the Plaintiff to get dressed and go downstairs and speak with the officers. The Supervisor told Plaintiff that the officers weren't going to arrest her.

52) While still on the phone with the Supervisor, Plaintiff observed a lot of the officers driving off away from her home. She also saw a police supervisor and an officer talking to her brother.

53) Plaintiff overheard an officer telling her brother that there was nothing that they could do as he did not see her place glue in the door; therefore they could not arrest the Plaintiff because he did not see her place the glue in the door.

54) Plaintiff then heard her brother alter his story.

55) Now instead of saying that he did not see the Plaintiff damaged his door, his new story because he was an eyewitness to her doing the same.

56) The police although they knew or should have known Plaintiff's brother was not truthful arrested Plaintiff on this patently false complaint.

57) Plaintiff remained on the phone with the 911 Supervisor. The Supervisor told Plaintiff that she would remain on the phone with Plaintiff until she walked out of the door and went outside to speak with the police.

58) As soon as Plaintiff opened the door, the police acting in concert to further her brother's new formed false statement wrongfully grabbed her hand and said she was under arrest.

9

59) The police removed the phone from Plaintiff's hand and threw the phone onto her steps.

60) Plaintiff requested that the phone be placed inside of her house. Instead, an officer threw Plaintiff's phone into the mailbox.

61) Plaintiff was then handcuffed, escorted to a vehicle, and taken to the 115th Precinct.

62) Plaintiff spent approximately 24-36 hours in jail.

63) Plaintiff went to back and forth to court, approximately three times, before her case was dismissed on January 11th, 2013.

64) That at all times hereinafter mentioned, the Defendants Police Officers **JOHN/JANE DOES 1-10** each of them, separately and in concert conspired for the purpose of depriving, either directly or indirectly, Plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws in that said Defendants did engage in the illegal conduct hereinbefore described and thus did deprive the Plaintiff of the equal protection of the laws, or of equal privileges and immunities secured to Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and the Laws of the United States. The unlawful and illegal conduct of the Defendants deprived the Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

   a. The right of the Plaintiff to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States

  b. the right of the Plaintiff to be informed of the nature and cause of the accusation against him so secured to them under the sixth and fourteenth amendments of the Constitution of the United States; and,

  c. the right of the Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States.

65) That by reason of the aforesaid violations, conspiracy and false arrest, and false imprisonment, and battery and otherwise discriminatory treatment in violation of both the United States and New York State Constitutions, the Defendants conspired together to enter into a nefarious scheme to wrongfully deprive the Plaintiff and compelled him to abandon his rights and privileges as provided to him in the Constitutional rights as set forth in the Constitution of the State of New York, and laws thereto, the Defendants, violated 42 U.S.C. §§ 1981, 1983, 1985 (3) in that the Defendants acted as persons who under color of any statute, ordinance, regulation, custom or usage of the **CITY OF NEW YORK**, subjected or caused to be subjected, a citizen of the Unite States or other person within the jurisdiction, particularly the Plaintiff thereof to be deprived of his rights, privileges or immunities received by Constitution of the United States of America, and provided them by the Constitution of the State of New York; were subjected to Great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the Plaintiff.

66) That by reason of the aforesaid violations, to wit the false arrest, false

imprisonment caused by the Defendants, who wrongfully deprived the Plaintiff and compel his abandon his rights and privileges as provided to his in the Constitution of the United States of America, and in the Constitution of the United States of America, and in the Constitution of the State of New York, and laws thereto, the Defendants, acting within the scope of their authority and without any probable cause, caused the Plaintiff great harm because of the aforesaid illegal conduct.

### AS AND FOR THE NINTH CAUSE OF ACTION ON BEHALF OF ELAINE WILLIAMS FOR ATTORNEY FEES PURUSANT TO 42 USC SECTION 1988:

67) The Plaintiff, **ELAINE WILLIAMS**, hereby incorporates by reference each and every preceding paragraph 1-66 of this Summons and Complaint as though fully plead and re-alleged in their entirety below.

68)     That should Plaintiff be victorious on her 42 USC Section 1983 claim, she shall seek attorney fees pursuant to 42 USC Section 1988

69)     WHEREFORE: by reason of the aforesaid violations, the Plaintiff requests the following relief:

   a. Compensatory damages in the sum which exceeds the jurisdictional limits of all lower courts.
   b. Punitive damages against any individually named Jane and John Doe in the sum which exceeds the jurisdictional limits of all lower courts.
   c. An award of reasonable attorneys' fees, costs and disbursements;
   d. Plaintiff requests a trial by jury of all issues involved in this complaint;
   e. Such other and further relief as this Court may deem just, meet and proper under the circumstances.

Dated: New York, NY 10007
      February 25th 2015

*Ronald Paul Hart*
Ronald Paul Hart, P.C.
225 Broadway, Suite 2815
New York, NY 10007
Tel: (212) 766-1443
Fax: (212) 766-0943
Email: ronaldphartesq@gmail.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ELAINE WILLIAMS

                Plaintiff,

-against-

THE CITY OF NEW YORK,
AND POLICE OFFICER JOHN AND/OR
JANE DOE NUMBERS 1-10 of the 115th
PRECINCT

                Defendants.

Index No:
Summons and Complaint

---

RONALD PAUL HART, ESQ.
Attorney(s) for the PLAINTIFF
225 Broadway Suite 2815
New York, New York 10007
Tel. (212)766-1443

To: ALL COUNSEL
Attorney(s) for
THE DEFENDANTS:

Service of a copy of the within SUMMONS AND COMPLAINT

Counselor(s): Please Take notice

**_NOTICE OF ENTRY_**
that the within is a (certified) true copy of a
duly entered order in the office of the clerk of the within named court on

**_NOTICE OF SETTLEMENT_**
that an order for of which the within is a true copy will be presented for settlement to the
HON. one of the justices of the within named Court at the within is a (certified) true copy of
a duly entered